Arthur S. Hirsch, J
Plaintiff brings this action to declare null and void Special Circular 33 issued by defendants which seeks to limit the working hours of plaintiff and to enjoin *385 defendants from temporarily and permanently implementing and enforcing the circular involved and the policy enunciated therein.
Defendants do not answer but move to dismiss the complaint on the ground that plaintiff should pursue its remedies, administratively or under the collective bargaining agreement.
On December 12, 1973 the chancellor issued Special Circular 48 which attempted to regulate, control and limit the total annual earnings and the number of positions held by per session employees. Among other things Circular 48 limited the maximum annual earnings from per session employment to $3,500.
On or about February 14, 1974 the United Federation of Teachers commenced an article 78 proceeding seeking to set aside Circular 48 on the ground that the chancellor could not unilaterally impose a ceiling on annual earnings of per session employees. The matter appeared before me and at that time I denied the petition on the ground that since the parties had elected to settle their dispute through arbitration under their agreement the court would not interfere in that decision and dismissed the petition.
The matter proceeded to arbitration and the arbitrator concluded: That Circular 48 did violate article IV-a of said collective bargaining agreement insofar as the circular states that the earnings of per session teachers are to be limited to $3,500 per annum regardless of the application of rates of pay to per session teachers set forth in the agreement and directed that the language in Special Circular 48 be modified to indicate the intent of the board to limit the earnings of per session teachers to the sum of $3,500 per annum subject to the application of the collective bargaining agreement, and that if the application of the provisions of this agreement results in higher earnings such earnings will be paid.
On November 13, 1974 defendants, city board and chancellor, issued Special Circular 33. While dealing with the same specific subject matter as Special Circular 48, No. 33, according to the defendants, "does modify and change some of the procedures and regulations of Special No. 48”.
Circular 33, rather than fixing the maximum amount that could be earned by per session employees, limited the total amount of annual hours which a per session employee could work to 270. It was further provided that no position would *386 entail more than 270 hours in a per session school year, and with rare exceptions limited per session employees to one per session job per year.
Plaintiff brings this action challenging the legality of Circular 33 and the policy enunciated thereunder.
Defendants claim that plaintiff is precluded from maintaining this action on the ground that plaintiff is relegated to the grievance and arbitration procedures set forth in the collective bargaining agreement of the parties or should seek redress before the Public Employment Relations Board (PERB).
Circular 33 sets forth the objectives of the circular as follows: "The Board of Education firmly believes that the prime responsibility of supervisors and teachers, especially those paid on a per annum basis, is to their pupils in day schools. It is expected that they will devote their time, effort and resources to their primary position and that they will spend their extra time in preparation of lesson plans, marking papers and taking courses. Also, it is the Board’s belief that no employee should spend an inordinate amount of time in per-session activity because to do so would interfere with his/ her major responsibility, namely, improving the teaching-learning situation and the academic achievement of pupils.”
In addition to the afore-mentioned praiseworthy principles enunciated by the board, the court recognizes that this policy would also serve to distribute per session employment on a broader scale and in a more equitable manner. However, the court further recognizes that the issue as to whether or not defendants are properly promulgating this policy is a matter that must be determined through the administrative machinery set up by the parties in their collective bargaining agreement (see Matter of Sardino v Finch, 35 AD2d 686).
Article X of the bargaining agreement provides for administrative procedures to be used in connection with any grievances relating to salary and leave matters. The court sees no true distinction between the procedures to be employed in dealing with the current Special Circular 33 and the administrative procedures utilized in regard to the former Special Circular 48. While the questions surrounding Circular 33 can be considered an extension of the controversy involving Circular 48, these questions, as noted, do involve different rules and provisions and should be resolved by the arbitration tribunal pursuant to the agreement between the parties and in accord *387 anee with the public policy expressed in section 200 of the Civil Service Law as was the case with Circular 48.
Accordingly, the complaint is dismissed without prejudice, with leave to the parties to proceed under the terms of the collective bargaining agreement.
Settle order on notice.